**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:06 CR 12 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **KEITH L. HARRIS,** | ) | <u>ORDER</u> |
| | ) | |
| **Defendant.** | ) | |

On October 3, 2006, the Court sentenced Defendant Keith Harris to 77 months' imprisonment followed by three years of supervised release, after Harris had previously pleaded guilty to one count of violating 18 U.S.C. § 922(g) (felon in possession of a firearm). The Court imposed Harris's sentence after calculating that Harris was within criminal history category VI, with an offense level of 21 under the United States Sentencing Guidelines (the "Advisory Guidelines").

On July 3, 2008, Harris filed a document entitled Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(ECF No. 34)** (the "Motion"). In his Motion, Harris contends that his sentence should be reduced in light of the 2007 amendments to Advisory Guidelines § 4A1.2, specifically Amendment 709. According to Harris, Amendment 709's implementation means that seven of the ten previous convictions that were used to tally his

criminal history category should no longer be counted because those offenses were "misdemeanor and petty offenses" that did not result in "more than one year imprisonment." Therefore, Harris argues, his criminal history category should now be recalculated and his sentence reduced accordingly.

The Government, for its part, filed a responsive document (ECF No. 35), arguing exclusively that Harris was not entitled to a reduction in sentence because Amendment 709 was not made retroactive by the United States Sentencing Commission, and that the Amendment was "not a clarifying amendment triggering retroactive applicability."  (ECF No. 35, Pl.'s Resp. In Opp. To Def.'s Mot., 2-3.)  Harris subsequently filed a document in reply to the Government's brief (ECF No. 37).

It is frankly unclear exactly what part of Amendment 709 (and the Comments thereto) supposedly affects Harris's sentence, as that Amendment covered several different issues under § 4A1.2.  Amendment 709 "modified the operative text of [U.S.S.G.] § 4A1.2(a)(2) with respect to determining whether multiple prior sentences are counted separately or as a single sentence."  *United States v. Leon-Alvarez*, 532 F.3d 815, 821 n.7 (8th Cir. 2008) (J. Bright, concurring).  There is no indication that Harris is arguing that the seven prior convictions in question should be counted as a single sentence for purposes of calculating his criminal history under the Advisory Guidelines.

Amendment 709 also addressed how courts might determine if a particular unlisted offense is "similar" to offenses listed in § 4A1.2(c)(1) and (c)(2) and, therefore, potentially excluded for purposes of calculating a defendant's criminal history.  Harris does not

argue, however, that his seven previous convictions should be excluded because they are "similar" to the excluded offenses on the amended § 4A1.2(c) lists.

Instead, it appears that Harris contends that these seven convictions did not yield a prison sentence longer than one year, and therefore he is entitled to relief under the amended § 4A1.2(c)(1).  Section 4A1.2(c) generally provides that "petty and misdemeanor offenses are counted" when calculating a defendant's criminal history, but with some exceptions.  Subsection (c)(1) provides a list of potentially excludable offenses, but explains that the listed offenses or offenses similar to them <u>will</u> be counted if, *inter alia*, the sentence was a term of probation of more than one year, or a term of imprisonment of at least thirty days.  Amendment 709 only modified § 4A1.2(c)(1) by changing "term of probation of <u>at least</u> one year" to "term of probation of <u>more than</u> one year."  U.S.S.G. § 4A1.2(c) (2007); U.S.S.G., Supp. to App. C, Amendment 709 (2007).  There was no modification of the "term of imprisonment" language.

The Court finds that Harris's argument is not well-taken; the part of Amendment 709 addressing § 4A1.2(c)(1) is of no avail to Harris.  This is so regardless of whether

Amendment 709 as it relates to § 4A1.2(c) is considered clarifying or substantive.[1] Specifically, the initial text of § 4A1.2(c) did not change under Amendment 709. It still reads "[s]entences for all felony offenses are counted." U.S.S.G. § 4A1.2(c). The amended § 4A1.2(c)(1) now excludes sentences for certain petty or minor offenses unless the sentence was for a term of probation for "more than" one year (rather than a term of probation for "at least" one year, as the previous incarnation of § 4A1.2(c) read), or a term of imprisonment of at least thirty days (which did not change).[2] Neither of these exclusions apply to Harris, however.

The offenses which Harris argues should be excluded are unquestionably felony offenses that would not be excluded from consideration under § 4A1.2(c)(1) or (c)(2), pre- or

---

[1] The Government's brief made no mention of the seven offenses Harris seeks to exclude. Instead, the Government pointed the Court to three circuit court cases that found that Amendment 709 was substantive, not claritive, and thus not available retroactively. The Court observes, however, that the Sixth Circuit has not ruled on whether Amendment 709, in whole or in part, is a substantive or clarifying amendment.

Moreover, the cases cited by the Government are arguably inapplicable here; those courts considered Amendment 709's changes to how courts count multiple prior sentences under § 4A1.2(a), i.e. a revision of the "related to" language in the previous version of § 4A1.2(a). *See United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (explaining that "[r]ather than merely clarifying the 'related cases' concept [in § 4A1.2(a)], the 2007 version adopts a completely new inquiry" and thus Amendment 709 "was a substantive change, not a clarifying change, and does not apply retroactively."); *United States v. Godin*, 522 F.3d 133, 134-35 (1st Cir. 2008) (analyzing Amendment 709's impact on determining when multiple crimes are counted as one for criminal history purposes); *United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008) (holding "the amended version of § 4A1.2(a)(2) effects a substantive change.") (emphasis added).

In the instant case, however, the question Harris purportedly raises implicates Amendment 709's effect on § 4A1.2(c), the "Sentences Counted and Excluded" portion of the text. At least one circuit court of appeals that has considered the question has explained that "Amendment 709 appears to be a clarifying amendment with respect to § 4A1.2(c)." *United States v. Leon-Alvarez*, 532 F.3d 815, 821 (8th Cir. 2008) (J. Bright, concurring) (emphasis added). Judge Bright acknowledged that *Marler* and *Wood* concluded that part of Amendment 709 "effected a substantive change to § 4A1.2(a)(2)." *Id.* at 821 n.7. Judge Bright further explained, however, that "[t]hese cases have no bearing on the effect of Amendment 709 as making a clarifying change with respect to § 4A1.2(c), which can be applied retroactively." *Id.*

[2] Amendment 709 also moved "Fish and game violations" and "Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)" to the list of offenses in § 4A1.2(c)(2), the offenses which are never counted in calculating a defendant's criminal history. Neither type of offense is applicable here.

post-Amendment 709.  According to a review of Harris's Presentence Report (the "PSR"), the convictions in paragraphs 31, 34, 35, and 43 were all for possession of drugs, (and thus at least fifth-degree felonies under Ohio law), and Harris was given prison sentences of 8 months, 8 months, 6 months, and one year on those convictions respectively.  Furthermore, the convictions and sentences in paragraphs 40 and 41 were for trafficking in drugs, with accordant prison sentences of 6 months and one year, respectively.  The conviction and sentence in paragraph 42 was for unauthorized use of a motor vehicle, for which Harris received a 180-day prison sentence.  For good measure, the convictions and sentences in paragraphs 40 and 43 also included counts for resisting arrest (60-day prison sentence imposed), and paragraph 43 further included a count of attempted tampering with evidence (90-day prison sentence imposed), although these convictions were treated at sentencing as convictions and sentences "related" to the drug charges in those paragraphs.  Therefore, it is eminently clear that the convictions and sentences recounted in paragraphs 31, 34, 35, 40, 41, 42, and 43 of the PSR are all felony convictions that are not excluded under § 4A1.2(c)(1) or (c)(2).  Regardless of any arguments about the retroactivity of Amendment 709 on §4A1.2(c), the Amendment has no bearing whatsoever on Harris's sentence.

Consequently, Harris's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(ECF No. 34)** is wholly without merit, and is hereby **DISMISSED**.[3]

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     September 3, 2008*
**Dan Aaron Polster**
**United States District Judge**

---

[3]The Court notes that the docket entry for Harris's Motion incorrectly describes the Motion as a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582." Presumably because of this clerical mistake, the Office of the Federal Public Defender for the Northern District of Ohio filed a Motion to Appoint Counsel pursuant the Court's General Order Nos. 2008-08 and 2008-09 (ECF No. 36), which the Court subsequently granted. As the Federal Public Defender's motion to appoint counsel clearly sought to represent Harris for purposes of assessing any potential eligibility for a sentence reduction related to a crack cocaine conviction, and as Harris's conviction in the instant case had nothing to do with crack cocaine, the Court hereby terminates the appointment of the Federal Public Defender as Harris's counsel.